IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OMEGA PATENTS, LLC,<br>a Georgia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BAYERISCHE MOTOREN WERKE<br>AG, a Foreign company, and BMW OF<br>NORTH AMERICA, LLC,<br><br>Defendants. | **Case No.:**<br><br>INJUNCTIVE RELIEF REQUESTED<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

Plaintiff Omega Patents, LLC, hereby files its Complaint against Defendants Bayerische Motoren Werke AG and BMW of North America, LLC (collectively, "Defendants"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Omega Patents, LLC ("Omega") is a Georgia limited liability company.

2. Upon information and belief, Defendant Bayerische Motoren Werke AG ("BMWAG") is a German automotive corporation with a place of business at

1

Petuelring 130, BMW Haus, Munich, 80788, Germany. On information and belief, BMWAG does business itself, or through its subsidiaries and affiliates, in the State of Georgia and the Northern District of Georgia.

3. Upon information and belief, Defendant BMW of North America, LLC ("BMWNA") is a Delaware corporation with a place of business at 300 Chestnut Ridge Road, Woodcliff Lake, NJ 07675. Upon information and belief, BMWNA is the exclusive importer and distributor of BMW and MINI branded vehicles. BMWNA acquires these vehicles from BMWAG, imports them into the United States, and distributes them through BMW dealers throughout the United States. Upon information and belief, BMW also maintains a Vehicle Distribution Center in Brunswick, Georgia.

4. Based on records maintained by the Georgia Secretary of State, BMWNA is registered to do business in Georgia with the Secretary of State and has a Registered Agent for service of process in this District: CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046. Upon information and belief, BMWNA engages in sales of products that infringe the patent-in-suit exclusively through BMW dealerships, five of which are in the Northern District of Georgia. Specifically, BMW dealerships in this district include BMW of South Atlanta, Nalley BMW of Decatur, BMW of Gwinnett Place, Global Imports BMW, and

United BMW. Upon information and belief, BMWNA engages in marketing activities that promote the sale of BMW-branded products to customers and/or potential customers located in Georgia and in the Northern District of Georgia. BMWNA promotes each of these locations as its place of business in the Northern District of Georgia on the BMWNA website.

5. In particular, one or more Defendants regularly engage in marketing activities that promote the sale of BMW-branded products to customers and/or potential customers located in Georgia and in the judicial Northern District of Georgia. Upon information and belief, Defendants maintain interactive commercial websites, accessible to residents of Georgia and the Northern District of Georgia, through which Defendants promote and offer products for sale that infringe the patents-in-suit in Georgia.

6. Upon information and belief, these interactive commercial websites direct customers as to where to buy BMW-branded vehicles with accused products, including the BMW dealerships within the Northern District of Georgia. Defendants' interactive commercial websites have submission forms that allow customers to view inventory at the dealers in this District and submit vehicle customization choices to a local "BMW Center" for information and to purchase Defendants' vehicles. Defendants' interactive websites also provide service and

3

care information, and materials about Defendants' products. Upon information and belief, Defendants offer to sell their branded vehicles within the District, which include the infringing products, by causing advertisements for their vehicles to appear on internet, television and radio programs broadcast into the District and in local newspapers distributed within the District.

7. Upon information and belief, the BMW dealers located within the Northern District of Georgia have executed dealer agreements with BMWNA. Upon information and belief, these dealer agreements set forth standards and requirements enumerated by Defendants that dealers are required to comply with for both sales and service. Upon information and belief, BMWNA regularly, continuously, and systematically provides support to and control over the BMW dealerships located in the Northern District of Georgia.

8. Upon information and belief, through its exclusive agents, dealers and representatives, BMWNA provides new car warranty service within the district on the infringing products. Upon information and belief, BMWNA warrants to the original and each subsequent owner of new BMW vehicles that any authorized BMW dealer will make any repairs or replacements necessary to correct defects in material or workmanship arising during the warranty period. Upon information and belief, all such warranty work is paid for by BMWNA, and questions/notifications

regarding the warranty are made directly to BMWNA. Upon information and belief, there are at least five authorized dealers in the Northern District of Georgia where service is performed under the BMWNA new vehicle warranty, at the service departments at BMW of South Atlanta, Nalley BMW of Decatur, BMW of Gwinnett Place, Global Imports BMW, and United BMW. Upon information and belief, service technicians employed at these dealerships participate in BMWNA-sponsored training programs, schools, and events.

9. This Court has jurisdiction over the subject matter of this action as to the Defendants pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has *in personam* jurisdiction as to Defendants because, upon information and belief, Defendants are subject to both general and specific jurisdiction in this State. More particularly, upon information and belief, Defendant regularly conducts business activity in the State of Georgia and sells and offers to sell products that infringe one or more claims of Omega's patent in this Judicial District.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(c)(3) (as to BMW AG) and 1400(b) (as to BMWNA) because, among other things, Defendants are subject to personal jurisdiction in this judicial district, Defendants have a regular and established place of business in Georgia and in this

judicial district, and Defendants have purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Georgia, and certain of the acts complained of herein occurred in this judicial district.

## STATEMENT OF FACTS

12. On October 4, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,458,814 B2 ("the '814 Patent"). Omega is the sole and exclusive owner of the valid and enforceable '814 Patent, a copy of which is attached hereto as Exhibit A.

13. Kenneth E. Flick, the inventor of the Patents-in-Suit, is recognized as an innovator in the vehicle electronics industry, having invented many improvements for the vehicle electronics and security industry, including innovations covering remote start systems and the vehicle data bus.

14. The '814 Patent reflects some of Mr. Flick's inventions in the field. Mr. Flick has assigned all of his rights to the inventions claimed in the '814 Patent to Omega, which has owned them since the date of issuance and during the alleged infringement of the Defendants.

15. Upon information and belief, Defendants manufacture, import, offer for sale and/or sell vehicles in the United States and in this Judicial District that

directly or indirectly infringe upon one or more claims of the '814 Patent. Specifically, Defendants' vehicles can be equipped with remote engine start systems that each infringe at least Claim 1 of each of the '814 Patent.

16. Defendants promote the operation of remote start systems on Defendants' official YouTube channel, including on videos such as located at https://www.youtube.com/watch?v=o4VlAsPg-Q0. Additionally, Defendants' provide owners' manuals with their vehicles that describes the remote engine start systems:

## Stationary climate control through Remote Engine Start

### Concept

Stationary climate control cools or heats the car's interior prior to departure to a comfortable temperature. The system automatically cools, vents, and heats depending on the interior, external, and set temperature. Snow and ice may be removed more easily.

The system starts the engine automatically and allows it to run for a limited period of time.

17. In February 2020, Omega notified Defendants of their infringement of the '814 Patent in certain models, including at least the X5 and X7 models. Omega has not granted Defendants a license to practice the '814 Patents.

18. The below chart shows Defendants and their customers infringing at least Claim 1 of the '814 Patent:

| U.S. PATENT 9,458,814 ||
|---|---|
| OMEGA PATENT CLAIM | REMOTE ENGINE START SYSTEM-BMW X Series |
| 1. A remote start control system for a vehicle comprising a data communications bus extending through the vehicle, an engine, at least one vehicle brake being selectively operable based upon a parking brake command on the data communications bus, and a vehicle climate control system operable based upon a climate control command on the data communications bus, the remote start control system comprising: | The BMW Remote Engine Start System in at least the BMW X-Series is a remote start control system for a vehicle comprising a data communications bus extending through the vehicle, an engine, at least one vehicle brake being selectively operable based upon a parking brake command on the data communications bus, and a vehicle climate control system operable based upon a climate control command on the data communications bus.<br><br>Start engine<br>☑ Starting engine for clim. control<br>For further information on engine start for climate control see |

| U.S. PATENT 9,458,814 ||
|---|---|
| OMEGA PATENT CLAIM | REMOTE ENGINE START SYSTEM-BMW X Series |
|  |  |
| a remote start transmitter remote from the vehicle and configured to generate a remote start signal; and | The BMW Remote Engine Start System in at least the BMW X-Series includes a remote start transmitter remote from the vehicle and configured to generate a remote start signal, as depicted below. The system is also operable with the user's cellular phone. |

| U.S. PATENT 9,458,814 ||
|---|---|
| OMEGA PATENT CLAIM | REMOTE ENGINE START SYSTEM-BMW X Series |
| | *[image of smartphone displaying BMW app interface]* |
| a vehicle remote start controller at the vehicle and comprising | The BMW Remote Engine Start System in at least the BMW X-Series includes a vehicle remote start controller at the vehicle. |
| a receiver configured to receive the remote start signal from said remote start transmitter, and | The BMW Remote Engine Start System in at least the BMW X-Series includes a receiver configured to receive the remote start signal from said remote start transmitter. |
| at least one processor cooperating with said receiver and configured to, in response to the remote start signal, | The BMW Remote Engine Start System in at least the BMW X-Series includes at least one processor cooperating with said receiver and configured to, in response to the remote start signal. |
| generate the parking brake command on the data communications bus to operate the at | The BMW Remote Engine Start System in at least the BMW X-Series generates the parking brake command on the data communications bus to operate the at least one vehicle brake. |

10

| U.S. PATENT 9,458,814 ||
|---|---|
| OMEGA PATENT CLAIM | REMOTE ENGINE START SYSTEM-BMW X Series |
| least one vehicle brake, | |
| generate the climate control command on the data communications bus to operate the climate control system, and | The BMW Remote Engine Start System in at least the BMW X-Series generates the climate control command on the data communications bus to operate the climate control system. |
| start the engine. | The BMW Remote Engine Start System in at least the BMW X-Series starts the engine. |

19. In light of the prior notice of infringement by Omega, Defendants are also liable for the infringement of the '814 Patent by their customers, as Defendants actively induced and contributed to acts of their customers they knew were infringing or were willfully blind to the infringing nature of the acts by virtue of enabling such acts through use of remote transmitters (e.g. cellular phones) owned by the customers.

## COUNT I
## Action for Direct Infringement of the '814 Patent

20. Count I is an action by Omega against Defendants for monetary damages and injunctive relief for Defendants' direct infringement of the '814 Patent.

21. Omega herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 19 herein.

22. Upon information and belief, Defendants manufacture, import, offer for sale and/or sell vehicles in the United States and in this Judicial District with remote engine start systems, including at least BMW X-Series vehicles, that directly infringe one or more claims of the '814 Patent in the United States and in this Judicial District.

23. Omega is entitled to compensatory damages and injunctive relief for Defendants' infringing activities and any ongoing sales thereafter.

24. Upon information and belief, Defendants lack justifiable belief that there is no infringement or that the infringed claims are invalid and has acted with objective recklessness in its infringing activity. Defendants' infringement is therefore willful, and Omega is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## COUNT II
## Action for Induced Infringement of the '814 Patent

25. Count II is an action by Omega against Defendants for monetary damages and injunctive relief for Defendants' indirect infringement of the '814 Patent.

26. Omega herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 19 herein.

27. Plaintiff put Defendant on notice of its infringement of one or more of the claims of the '814 Patent at least as early as February 2020, yet Defendants continue to sell vehicles with remote engine start systems, including at least BMW X-Series, to customers.

28. Defendants knew, or were willfully blind to, the existence of the '814 Patent and that the acts they induced constitute infringement by manufacturing, importing, offering for sale and/or selling vehicles with remote engine start systems that infringe the '814 Patent, including at least BMW X-Series, to customers.

29. With knowledge of, or a willful blindness to, the '814 Patent, Defendants encouraged their customers to infringe the '814 Patents through use of the remote engine start systems in Defendants' vehicles.

30. Defendants' customers directly infringe the '814 Patent by using the remote engine start systems in Defendants' vehicles as encouraged and instructed by Defendants.

31. Plaintiff is entitled to compensatory damages and injunctive relief for Defendants' infringing activities and any ongoing sales thereafter.

32. Plaintiff has suffered damages as a result of Defendants' induced infringement.

## COUNT III
## Action for Contributory Infringement of the '814 Patent

33. Count III is an action by Omega against Defendants for monetary damages and injunctive relief for Defendants' indirect infringement of the '814 Patent.

34. Omega herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 19 herein.

35. Omega put Defendants on notice of their infringement of one or more of the claims of the '814 Patent at least as early as February 2020, yet Defendants continue to sell vehicles with remote engine start systems, including at least BMW X-Series, to customers.

36. Defendants knew, or were willfully blind to, the existence of the '814 Patent and that their provision of a component that is a material part of the '814

Patent especially made or adapted for use in an infringing system constitutes contributory infringement.

37. Defendants are manufacturing, importing, offering for sale and/or selling vehicles with remote engine start systems that infringe the '814 Patent, including at least in at least the BMW X-Series, to customers.

38. The remote engine start systems in at least the current BMW X-Series have no substantial, non-infringing use.

39. Defendants' customers have directly infringed the '814 Patent.

40. Plaintiff is entitled to compensatory damages and injunctive relief for Defendants' and their customers' infringing activities and any ongoing sales thereafter.

41. Plaintiff has suffered damages as a result of Defendants' contributory infringement.

Wherefore, Plaintiff Omega prays this Honorable Court enter such preliminary and final orders and judgments as are necessary to provide Omega with the following requested relief:

A. A permanent injunction enjoining Defendants from infringing the '814 Patent;

B.  An award of damages against Defendants under 35 U.S.C. §284 in an amount adequate to compensate Omega for Defendants' infringement, but in no event less than a reasonable royalty for the use made by Defendant of the inventions set forth in the '814 Patent;

C.  An award against Defendants for exemplary damages, attorneys' fees, and costs under 35 U.S.C. § 285; and

D.  Such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUEST

Omega requests a trial by jury as to all matters so triable.

Respectfully submitted this May 1, 2020.

>  /s/ Dan R. Gresham
> Dan R. Gresham
> Georgia Bar No. 310280
> Dan.Gresham@thomashorstemeyer.com
> Cynthia J. Lee
> Georgia Bar No. 442999
> Cynthia.Lee@thomashorstemeyer.com
> Thomas│Horstemeyer, L.L.P.
> 3200 Windy Hill Road SE, Suite 1600E
> Atlanta, Georgia 30339
> Telephone:  770-933-9500
> Facsimile:  770-951-0933
>
> Brian R. Gilchrist (to be admitted *pro hac vice*)
> Florida Bar No. 774065
> bgilchrist@allendyer.com
> Ryan T. Santurri (to be admitted *pro hac vice*)

>Florida Bar No. 015698
>rsanturri@allendyer.com
>Allen, Dyer, Doppelt + Gilchrist, P.A.
>255 South Orange Avenue, Suite 1401
>Post Office Box 3791
>Orlando, Florida  32802-3791
>Telephone:  407-841-2330
>Facsimile:   407-841-2343
>
>***Attorneys for Plaintiff***
>***Omega Patents, LLC***

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D., NDGa, the undersigned counsel certify that the foregoing has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in LR 5.1C, NDGa.

>*/s/ Dan R. Gresham*
>Dan R. Gresham
>Georgia Bar No. 310280
>dan.gresham@thomashorstemeyer.com

17